# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 24-CR-30040-SPM-1 |
| **FREDERICK ALAN HOPE,** | |
| Defendant. | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the court on a Motion to Dismiss the Indictment (Doc. 20) as violative of the Second Amendment by Defendant Frederick Alan Hope.

Hope's prior convictions in Missouri for which the term of imprisonment could have exceeded one year (felonies) consist of Possession of Controlled Substance, Burglary, Theft, Possession of Heroin, Stealing from a Person, Property Damage, Unlawful Possession of a Firearm, and a federal conviction for Felon in Possession of a Firearm. (Doc. 20, p. 4). On March 19, 2024, a federal grand jury returned an Indictment charging Hope with one count of Felon in Possession of a Firearm pursuant to Title 18, United States Code, Section 922(g)(1). (Doc. 1). Section 922(g)(1) provides in pertinent part that "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm." 18 U.S.C. § 922(g)(1).

On June 5, 2024, Hope filed the subject Motion (Doc. 20) that is now before this Court seeking to dismiss the Indictment. Hope contended that Section 922(g)(1) violates the rights guaranteed by the Second Amendment of the United States Constitution as applied to him. (Doc. 20, p. 1). Hope argued that in light of the United States Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), the Second Amendment's plain text covered the charge in his Indictment and the Government cannot meet its burden of proving that Section 922(g)(1) is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms. *Id.* On July 22, 2024, the Government filed a response that opposed the Motion. (Doc. 24).

At the outset, the Court notes that Hope did not point to a historical basis for individualized assessments and even if he had, he had not demonstrated that Section 922(g)(1) was unconstitutional as applied to him. The recent Seventh Circuit decision in *Atkinson v. Garland* required a party challenging the constitutionality of Section 922(g)(1) to develop a historical record that justified individual assessments. 70 F.4th 1018, 1023 (7th Cir. 2023); *see also United States v. Gutierrez*, 2024 WL, at *12 (N.D. Ill. Sept. 4, 2024) (applying *Atkinson* in the context of a criminal defendant's challenge to Section 922(g)(1)). As Atkinson did not develop this historical basis for individual assessments, the Court found that his argument fell short and remanded the case to develop this record further. *Atkinson*, 70 F.4th at 1023. Similarly, Hope failed to develop any historical basis for individual assessment.

Hope's motion is threadbare and contained misstatements of the Court's holding in *Bruen*. For example, Hope argued that "the lack of 'distinctly similar'

historical regulation presents two, independent reasons for concluding that the statute is unconstitutional as applied to Mr. Hope." (Doc. 20, p. 3). However, *Bruen* noted that a historical analogue need not be a "historical twin," but rather a "relatively similar" and "well-established and representative historical analogue" will pass constitutional muster. 142 S. Ct. at 2132-33. Therefore, the history must not demonstrate a tradition of *permanently* disarming those who are *like* Mr. Hope, but rather simply analogous laws that are relatively similar. Further, Hope misstated *Bruen's* discussion on historical regulations relating to longstanding societal problems. (Doc. 20, p. 3). While Hope stated that if the Founders did not pass a regulation that would have confronted a longstanding societal problem, that this lack of regulation demonstrated such a law to be unconstitutional. (Doc. 20, p. 3). However, *Bruen* made clear that such an absence of regulation merely serves as evidence of the unconstitutionality of such a regulation, not proof of unconstitutionality. 142 S. Ct. at 2131. It is possible that the Founders did not exercise the full extent of the Second Amendment, and thus requiring a historical twin, as Hope's framing of *Bruen* required, would too severely limit the scope of permissible regulations on firearms. *See United States v. Rahimi*, 144 S. Ct. 1889, 1925 (2024) (Barrett, J. concurring).

Even if that was not the case, this Court recently issued an order on a similar Section 922(g)(1) challenge that discussed the history and traditions standard. *See U.S. v. Ware*, 2023 WL 3568606, at *1 (S.D. Ill. May 19, 2023). While some of the laws mentioned in the Court's previous history and traditions analysis would certainly fail present-day constitutional scrutiny and may not be worthwhile to factor into any

future analysis under *Bruen* in retrospect, the Court finds, as others have before it, that Section 922(g)(1) is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms under the Second Amendment, such that it is not unconstitutional as applied to Hope. *See Bruen*, 142 S. Ct. at 2127.

As stated before, Hope did little to rebut this conclusion. Rather than addressing laws which may in fact be sufficiently analogous to Section 922(g)(1), Hope instead relied on conclusory statements of history. (Doc. 20, p. 3). Surety laws and going armed laws are just two examples of regulations which may be relevant to this historical inquiry, yet were ignored by Hope. *See Rahimi*, 144 S. Ct. at 1899-1901. The Supreme Court has previously articulated that the history of these two laws established the principle that "[w]hen an individual poses a clear threat of physical violence to another, the threatening individual may be disarmed." 144 S. Ct. at 1901.

Hope's attempt to narrow the historical inquiry to only include laws which *permanently* disarmed felons *like* Mr. Hope failed, again, because it misstated the central holding of *Bruen,* that a historical analogue is required, not a historical twin. 142 S. Ct. at 2132-33. This attempt to limit the historical analysis also failed because it misrepresented Section 922(g)(1) as a permanent disarming of felons. While Section 922(g)(1) does disarm felons, it does not do so permanently, as the law does contain mechanisms to render the disarming non-permanent. Importantly, this prohibition does not permanently extend to felons who have received a pardon, had their record expunged, or who have received a restoration of their civil rights. 18 U.S.C. § 921(a)(20).

Building on that analysis, Hope has a criminal history including Possession of Controlled Substance, Burglary, Theft, Possession of Heroin, Stealing from a Person, Property Damage, and Unlawful Possession of a Firearm. This type of evidence may be considered by the Court in determining whether a defendant demonstrates a risk of violence and Hope's criminal record more than supports a finding of dangerousness. The Court also wishes to note that firearm-related felonies justify dispossession of firearms more so than other felonies. Thus, while this Court is not willing to say that an as applied challenge to Section 922(g)(1) could never be successful, the facts of this case do not cast any doubt on the constitutionality of this prohibition. In this case, neither the underlying felonies nor the amount of time that has lapsed since the committing of these felonies demonstrate that Section 922(g)(1) as applied to Hope is unconstitutional. Rather, the facts of this case firmly place Hope's prohibition on the possession of firearms within the limits of the Second Amendment. For these reasons, the Court finds that Hope's Section 922(g)(1) charge in the Indictment is constitutional and his Motion to Dismiss the Indictment (Doc. 20) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  September 12, 2024

*s/ Stephen P. McGlynn*<br>
**STEPHEN P. McGLYNN**<br>
**U.S. District Judge**